**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 9, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MARTIN VASQUEZ ARROYO,

        Petitioner-Appellant,

v.

KOREY A. KAUL,

        Respondent-Appellee.

No. 08-3081

(D. of Kan.)

(D.C. No. 08-CV-3057-SAC)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

---

Martin Vasquez Arroyo appeals the district court's order dismissing his pro

se civil rights action against his public defender. The public defender was

assigned to defend Arroyo's pending state appellate case. Arroyo seeks damages

and the removal of his public defender from that case. Because a state-appointed

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

public defender is not a state officer for the purposes of 42 U.S.C. § 1983, we AFFIRM the lower court's order.

## I.  Background

Arroyo was sentenced in 2005 for various state charges and proceeded on direct appeal.  For his appeal, the state appointed Korey Kaul as his public defender.  Arroyo attempts to sue Kaul under § 1983 for ineffective assistance of counsel, seeking twenty million dollars from Kaul, fifteen million dollars in punitive damages, five million dollars in personal damages, and the dismissal of Kaul as his appointed counsel.  The district court dismissed the complaint sua sponte for failure to state a claim.

Arroyo now appeals the district court's order.

## II.  Discussion

We review de novo the lower court's decision to dismiss Arroyo's complaint.  *See Trujillo v. Williams*, 465 F.3d 1210, 1215 (10th Cir. 2006).  Under the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii), a district court may dismiss a prisoner's civil action sua sponte "for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 920 (2007).  Pro se plaintiff's pleadings are construed liberally.  *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

After having thoroughly reviewed the record, we adopt the reasoning set forth in the district court's order. As the district court explained, it is well settled in this circuit that public defenders cannot be sued under § 1983 because they are not state officers. *See, e.g.*, *Harris v. Champain*, 51 F.3d 901, 909 (10th Cir. 1995). Likewise, we agree with the district court that Arroyo cannot seek to have his state-appointed counsel removed in the state court matter by filing a § 1983 claim in federal court.[1]

## III. Conclusion

Accordingly, the district court's order is incorporated by reference and AFFIRMED. While the district court granted Arroyo *in forma pauperis*, we remind him that he is required to continue making partial payments until all fees have been paid. We also DENY Arroyo's motion to file a declaration and memorandum.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge

---

[1] Even if Arroyo's complaint were construed liberally as a complaint asserting a malpractice action under state law, the claim would be dismissed. A state legal malpractice action would not fall under the federal court's federal-question jurisdiction, *see* 28 U.S.C. § 1331, and because both parties are from the same state, it would not fall under the federal court's diversity jurisdiction, *see* 28 U.S.C. § 1332.